Lakshman **KURUKULASOORIYAGE**, Petitioner,

v.

Peter D. **KEISLER**,[1] Acting U.S. Attorney General, Respondent.

No. 07–1041–ag.

United States Court of Appeals, Second Circuit.

Nov. 9, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Visuvanathan Rudrakumaran, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; James E. Grimes, Senior Litigation Counsel; Daniel Glenn Lonergan, Trial Attorney, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

Present JOHN M. WALKER, JR., SONIA SOTOMAYOR, ROBERT A. KATZMANN and Circuit Judges.

### SUMMARY ORDER

Petitioner Lakshman Kurukulasooriyage, a citizen of Sri Lanka, seeks review of a February 27, 2007 order of the BIA affirming the May 24, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying Kurukulasooriyage's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lakshman Kurukulasooriyage,* No. A 98 690 708 (B.I.A. February 27, 2007), *aff'g* No. A 98 690 708 (Immig.Ct.N.Y.City, May 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

As an initial matter, Kurukulasooriyage has not raised a constitutional claim or question of law regarding the IJ's deni-

al of his asylum application as untimely under 8 U.S.C. § 1158(a)(2)(B). As such, we lack jurisdiction to review the agency's pretermission of his asylum claim for failure to demonstrate by clear and convincing evidence that he filed his asylum application within one year after the date of his arrival in the United States. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 324 (2d Cir.2006).

■ Because the one-year bar under 8 U.S.C. § 1158(a)(2)(B) applies only to asylum requests, we may review Kurukulasooriyage's remaining claims for relief on the merits. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 180–81 (2d Cir.2006). The IJ denied Kurukulasooriyage's requests for asylum (in the alternative), withholding of removal, and CAT relief on grounds that his testimony was inconsistent and implausible. In particular, the IJ reasonably found implausible the fact that Kurukulasooriyage willingly returned to Sri Lanka from Singapore, given that he feared being killed by army officers there. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007). Indeed, Kurukulasooriyage testified that he was detained by the army for ten days and repeatedly beaten while hung upside down. He further testified that after he was released, he was forced into hiding for two-and-a-half years because army officers threatened to kill him. According to Kurukulasooriyage, army officers were so intent on finding him that they threatened his brother and murdered his sister-in-law. In light of Kurukulasooriyage's testimony, the IJ's finding that it was implausible that he willingly returned to Sri Lanka was reasonable. Further, the IJ reasonably rejected his explanation that he did not remain in Singapore because he feared being detained or given "slashes" by the authorities there. *Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (holding that the agency need not credit an applicant's ex-planations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Additionally, because Kurukulasooriyage failed to testify as to how he traveled in and out of Sri Lanka without being detected by the same army he claimed was actively searching for him, the IJ reasonably found it implausible that he safely returned to and remained in Sri Lanka and departed a second time. *See Siewe,* 480 F.3d at 168–69. Lastly, the IJ reasonably concluded that Kurukulasooriyage's failure to submit evidence corroborating his claim bears on his credibility because it rendered him unable to rehabilitate testimony that had already been cast in doubt. *See Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006); *Zhou Yun Zhang,* 386 F.3d at 78.

Because substantial evidence supports the agency's adverse credibility determination, the IJ properly denied Kurukulasooriyage's applications for both withholding of removal and CAT relief where those claims were based upon the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).