SUMMARY ORDER

Petitioner, Lakshman Kurukulasoori-yage, a native and citizen of Sri Lanka, seeks review of a May 20, 2008 order of the BIA denying his motion to reopen his removal proceedings. In re Kurukulasoo-riyage, No. A 98 690 708 (B.I.A. May 20, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court’s admonition that such motions are “ ‘disfavored.’ ” Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (quoting INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).
Here, the BIA did not abuse its discretion in denying the motion. The BIA properly held that, because the motion to *672 reopen was made after the 90-day time limitation on such motions had passed, see 8 U.S.C. § 1229a(c)(7)(C)(i), Kurukulasoo-riyage was required to demonstrate changed country conditions in Si’i Lanka, see id. § 1229a(c)(7)(C)(ii). The BIA held that some of the evidence Kurukulasoori-yage submitted did not demonstrate changed country conditions because it was not material. The BIA did not abuse its discretion in so holding. See 8 C.F.R. § 1003.2(c)(3)(h); Ajdin v. BCIS, 437 F.3d 261, 263 (2d Cir.2006).
As to other pieces of Kurukulasooriyage’s evidence, the BIA noted that they “arguably reflect[ed] a worsening of the country conditions in Sri Lanka” as the conditions would relate to the grounds for asylum that Kurukulasooriyage asserted in his original claim.[1] In re Kurukulasooriyage, No. A 98 690 708, at 2. However, the BIA held that Kurukulasooriyage failed to demonstrate his prima facie eligibility for relief on those grounds in light of the IJ’s prior adverse credibility determination,[2] See Poradisova v. Gonzales, 420 F.3d 70, 78 (2d Cir.2005). As we have held, the BIA may find that the evidence submitted on a motion to reopen is not material where it “d[oes] not rebut the adverse credibility finding that provided the basis for the IJ’s denial of petitioner’s underlying asylum application.” Kaur v. BIA, 413 F.3d 232, 234 (2d Cir.2005) (per curiam). We find no abuse of discretion in the BIA’s decision to do so here. See id.
Finally, the BIA held that the remaining evidence could not establish changed country conditions because that evidence was available prior to the issuance of the BIA’s original decision. As the respondent admits, Brief for Respondent at 30, the BIA erred in judging availability by the date of its own decision rather than the date of Kurukulasooriyage’s merits hearing. See Norani v. Gonzales, 451 F.3d 292, 294 (2d Cir.2006). However, this single error does not necessitate a remand to the BIA because such a remand would be futile in these circumstances. See Xiao Kui Lin v. Mukasey, 553 F.3d 217, 222 (2d Cir.2009). The evidence that the BIA improperly held to have been previously available does not demonstrate changed country conditions relating to the nominally new ground for asylum, and, as discussed above, Kuruku-lasooriyage cannot make out a prima facie case on the grounds asserted in his original claim because of the IJ’s prior adverse credibility determination, see Kaur, 413 F.3d at 234. Accordingly, we need not remand because “we can predict with confidence that the agency would reach the same result even absent th[is] error[].” Xiao Kui Lin, 553 F.3d at 222.
For the foregoing reasons, the petition for review is DENIED.

. Kurukulasooriyage’s motion to reopen asserted a nominally new ground for asylum— that failed asylum seekers are generally tortured when they are returned to Sri Lanka. Additionally, the BIA read Kurukulasoori-yage’s motion to re-assert the grounds he had relied on in his original claim.

. In a previous order, we found no error in the agency’s underlying adverse credibility determination. See Kumkulasooriyage v. Keisler, 254 Fed.Appx. 860 (2d Cir.2007).